UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**JEFFREY LEE, OLIVIA MUHAMMED-LEE, and LE REALTY, LLC,**

      Plaintiffs,

      -vs-                                   Case No. 15-C-122

**RIDGESTONE BANK and DANIEL TROST,**

      Defendants.

---

## DECISION AND ORDER

This is an action under the anti-tying provisions of the Bank Holding Company Act ("BHCA"), 12 U.S.C. § 1972. The plaintiffs, Jeffrey Lee, Olivia Muhammed-Lee, and Le Realty, also bring claims under state law. The defendants, Ridgestone Bank and Daniel Trost, move to dismiss. This motion is granted.

On or about October 31, 2007, Le Realty entered into two commercial loan agreements with Ridgestone Bank: one for $990,000, and the other for $410,000. These loans were secured by two mortgages on real estate owned by Le Realty. The larger loan pertained to rental properties located on West Helena Street in Milwaukee. The smaller mortgage was a loan on properties in the 1400 block of West Atkinson Avenue.

Beginning in 2010, Le Realty and the Bank executed a series of

forbearance agreements. One of the conditions of forbearance was that Le Realty would repair the walls, windows, and roof of the Helena Properties. Plaintiffs allege that the Bank's purpose "was to place the Bank's collateral in an improved condition so that when the deeds in lieu of foreclosure were recorded, the Bank[] would more easily be able to sell the Helena Properties." Complaint, ¶ 25. Plaintiffs also allege that Daniel Trost, an officer for the Bank, told Jeffrey Lee that he owned a property in Milwaukee that "needed some substantial work and although he did not specifically state that the Bank's cooperation in providing further forbearance was conditioned on … Lee providing the work for improvement on Trost's property, the innuendo was clear that Trost expected that Mr. Lee do the work and that upon sale of the 43rd Street Property, Jeffrey Lee … would receive a fee of $5,000.00 plus ten percent of any profit from the sale of the property." *Id.*, ¶ 26. Lee completed the work for Trost but has yet to receive any payment.

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint in the light most favorable to the nonmoving party, accepts all well-pleaded facts as true, and draws all inferences in the nonmoving party's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). At the same time, Federal Rule of Civil Procedure 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Section 1972 of the BHCA was intended to "prohibit anti-competitive practices which require bank customers to accept or provide some other service or product or refrain from dealing with other parties in order to obtain the bank product or service they desire." *McCoy v. Franklin Sav. Ass'n*, 636 F.3d 172, 175 (7th Cir. 1980) (quoting Senate Banking and Currency Committee Report No. 91-1084, 91st Cong., 2d Sess. (1970)). Thus the BHCA provides, in pertinent part, that a bank shall not in any manner extend credit on the condition or requirement that the customer "provide some additional credit, property, or service to such bank, other than those related to and usually provided in connection with a loan, discount, deposit, or trust service …" § 1972(1)(C). The elements of a claim under this provision are as follows: (1) the bank imposed an anticompetitive tying arrangement; (2) the arrangement was not usual or traditional in the banking industry; and (3) the practice conferred a benefit on the bank. *Highland Capital, Inc. v. Franklin Nat'l Bank*, 350 F.3d 558, 565 (6th Cir. 2003).

Unfortunately for the plaintiffs, their BHCA claim runs headlong into controlling Seventh Circuit case law. In *McCoy*, for example, the court held

that "the practice of conditioning mortgage loan commitments upon completion of improvements to the mortgaged property is 'a traditional banking practice founded on genuine business need' and therefore exempt from the prohibitions of Section 1972 by virtue of the exception clause in Section 1972(1)(C) …" 636 F.3d at 175. In their "objection" to the motion to dismiss, the plaintiffs did not discuss or even cite *McCoy*. When confronted (again) with *McCoy* in the Bank's reply, the plaintiffs finally attempted to distinguish *McCoy* in an (unauthorized) sur-reply brief as follows. In *McCoy*, the bank was approached for a loan commitment, not a loan extension. Here, the plaintiffs were already customers of the bank, and the subject properties of the bank were already collateral of those loans. Thus defendants wanted improvements made to the subject properties in exchange for a modification and extension of the pre-existing loans, and plaintiffs could not have secured financing from any other source. This is a distinction without any difference because Section 1972 "was not intended to interfere with the conduct of appropriate traditional banking practices," *McCoy* at 175, nor was it meant to "prohibit banks from protecting their investments." *Highland Capital*, 350 F.3d at 565. Here, Ridgestone Bank was protecting its investment by requiring improvements to the collateral in exchange for forbearance. Plaintiffs' status as current customers, not prospective customers, is irrelevant. *See, e.g., New England Co. v. Bank of Gwinnett Cnty.*, 891 F. Supp.

- 4 -

1569, 1572 (N.D. Ga. 1995) ("The Bank imposed new conditions on Plaintiff's use of its line of credit not to lessen competition in any way, but rather to provide additional security for a loan the Bank classified as risky. Thus, Plaintiff's Complaint fails to allege either an unusual or anti-competitive banking practice").

Plaintiffs also do not (because they cannot) allege that Ridgestone Bank prevented them from dealing with other banks. *See Davis v. First Nat'l Bank of Westville*, 868 F.2d 206 (7th Cir. 1989). Plaintiffs allege that they could not have secured financing elsewhere, but the Bank did not prevent them from doing so. Requiring improvements as a condition of loan forbearance is not anticompetitive and "therefore not the concern of Section 1972, which was enacted to prevent banks from using their economic power to *lessen competition*." *Davis*, 868 F.2d at 209 (emphasis in original); *see also Exchange Nat'l Bank v. Daniels*, 768 F.2d 140, 143-44 (7th Cir. 1985) (the BHCA prohibits "exclusive dealing practices — those that attempt to prevent customers from dealing with other banks. It is similar to other anti-tying laws meant to preserve competition among rival business").

Relatedly, plaintiffs also fail to allege the existence of an illegal "tie-in," which is "an arrangement by one party to sell one product (the 'tying product'), but only on the condition that the buyer also purchase a different … product (the 'tied product'), or at least agree that he will not purchase that

- 5 -

product from another supplier." *Id.* at 208. Put another way, "the law requires a showing of two distinct products: a tying product, in the market for which defendant has economic power, and a tied product, which defendant forces on consumers wishing to purchase the tying product." *McGee v. First Fed. Sav. & Loan Assoc.*, 76 F.2d 647, 648 (11th Cir. 1985). According to plaintiffs, the "tied product" was the Bank's "continued cooperation" in not calling due the loans, and the "tying product" was the loan extension. As should be apparent, these aren't two separate products. A loan extension and a decision not to call due on that loan are one in the same. Thus there was no anti-competitive tying arrangement.

Finally, plaintiffs' allegation that Trost contracted with Le Realty to improve property owned by Trost cannot form the basis of a BHCA claim because this arrangement inured to the benefit of Trost personally, not Ridgestone Bank. *Highland Capital*, 350 F.3d at 565. Moreover, plaintiffs cannot state a tying claim against Trost because Section 1972 does not cover natural persons. *Rae v. Union Bank*, 725 F.2d 478, 480 (9th Cir. 1984).

Since the federal claims are dismissed, the Court will exercise its discretion to relinquish jurisdiction over plaintiffs' state law claims. *See RWJ Mgmt. Co., Inc. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 479-80 (7th Cir. 2012). The Court also notes that the defendants request sanctions under Rule 11 of the Federal Rules of Civil Procedure. The Court will deny this request

without prejudice to the filing of a formal motion. Fed. R. Civ. P. 11(c)(2) ("A motion for sanctions *must be made separately from any other motion* and must describe the specific conduct that allegedly violates Rule 11(b)") (emphasis added).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** defendants' motion to dismiss [ECF No. 11] is **GRANTED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 16th day of June, 2015.

**BY THE COURT:**

*/s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**
